UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOCIÉTÉ DES BAINS DE MER ET DU CERCLE DES ESTRANGERS À MONACO,<br><br>     Plaintiff,<br><br>v.<br><br>MGM MIRAGE and VICTORIA PARTNERS, L.P.,<br><br>     Defendants. | ECF Case<br><br>Case No. 08-CV-03157 |

**SUPPLEMENTAL DECLARATION OF JONATHAN W. FOUNTAIN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER THIS CASE TO THE DISTRICT OF NEVADA**

  I, Jonathan W. Fountain, declare under penalty of perjury under the laws of the United States that the following is true:

  1. I am competent to testify in this action and have personal knowledge of the facts set forth below, except for those facts that I have so stated are made upon information and belief and, as to those facts, I believe them to be true.

  2. I am employed by Lewis and Roca LLP as an associate attorney.

  3. In this declaration I refer to the Plaintiff, Société des Bains de Mer et du Cercle des Etrangers à Monaco, as "SBM."

  4. On June 5, 2007, in connection with the 390 Opposition (referenced in my previous declaration dated May 19, 2008), Victoria Partners, served SBM with a copy of Applicant's Answers to Opposer's First Set of Interrogatories. A true and accurate copy of that document is attached hereto as Exhibit A.

  5. Interrogatory No. 1 states the following:

> Identify all persons who provided information or documents for responses to these Interrogatories or Opposer's First Requests for Production of Documents and Things, dated February 23, 2007.

1

In response to Interrogatory No. 1, Victoria Partners identified the following witnesses:

    Kevin Blair

    Tony Alamo

6.     Interrogatory No. 7 states the following:

Identify all persons who assisted, were responsible for, participated in, or otherwise have information concerning any domain name registrations owned by Applicant, or any attempt by Applicant to register any domain name containing the term "Monte Carlo."

In response to Interrogatory No. 7, Victoria Partners identified the following witnesses:

    John Marz

    April Chaparian

7.     Interrogatory No. 8 states the following:

Identify all persons who were responsible for, participated in, or have information concerning Applicant's creation, consideration, selection, adoption, acquisition and first use of Applicant's Designations, including any formal or informal trademark searches, investigations and/or opinions of counsel regarding Applicant's Marks from January 1, 1984 to the present.

In response to Interrogatory No. 8, Victoria Partners identified the following witnesses:

    Tony Alamo

    Glen Schaeffer

    Mike Ensign

    Bill Richardson

    Yvette Landau

    Edward Quirk

    Whitney Thier

8.     Interrogatory No. 10 states the following:

Identify all persons who were responsible for, participated in, or have information concerning informal or formal market research conducted by Applicant or on Applicant's behalf concerning Applicant's Designations, including studies, search reports, surveys and market research tests.

In response to Interrogatory No. 10, Victoria Partners identified the following witnesses:

       Edward Quirk

       Yvette Landau

9.     Interrogatory No. 11 states the following:

Identify all persons who were responsible for, participated in, or have information concerning informal or formal market research conducted by Applicant or on Applicant's behalf concerning Opposer's marks, including studies, search reports, surveys and market research tests.

In response to Interrogatory No. 11, Victoria Partners identified the following witnesses:

       Edward Quirk

       Yvette Landau

       Mike Catallano

10.     Interrogatory No. 17 states the following:

Identify all persons that assisted, or consulted with, Applicant in advertising, promoting and selling, or in planning to advertise, promote and sell, services or goods bearing Applicant's Designations.

In response to Interrogatory No. 17, Victoria Partners identified the following witnesses:

       Mike Catallano

       Chris McGhey

11.     Interrogatory No. 21 states the following:

Identify all persons who assisted, were responsible for, participated in, or otherwise have information concerning the selection of the target consumers and/or individuals in the tourism, resort and casino industry to whom Applicant has or will market, advertise, promote or sell services or goods bearing Applicant's Designations.

In response to Interrogatory No. 21, Victoria Partners identified the following witnesses:

       Mike Catallano

       Chris McGhey

       Michelle Knolls

EXECUTED: this 21st day of July, 2008.

                                                      _____
                                                      Jonathan W. Fountain

**EXHIBIT A TO FOUNTAIN
DECLARATION**

**EXHIBIT A TO FOUNTAIN
DECLARATION**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| SOCIETE ANONYME DES BAINES DE MER ET DU CERCLE DES ETRANGERS A MONACO,<br><br>Opposer,<br><br>-against-<br><br>VICTORIA PARTNERS,<br><br>Applicant. | Opposition No. 91164390<br><br>Serial No.: 76/284329<br><br>Mark: MONTE CARLO<br><br>Publication Date: October 19, 2004 |

### APPLICANT'S ANSWERS TO
### OPPOSER'S FIRST SET OF INTERROGATORIES

Applicant Victoria Partners, through counsel, provides the following answers to Opposer's First Set of Interrogatories.

### GENERAL OBJECTIONS

1. Applicant objects to the extent any request calls for information protected by the attorney-client privilege or work product doctrine.

2. Applicant objects to the extent any request imposes a burden on Applicant greater than required by the Rules of the Trademark Trial and Appeal Board and/or the Federal Rules of Civil Procedure as they may apply in this matter.

3. Applicant objects to the extent any request calls for Applicant to produce any information not within Applicant's possession, custody, or control.

4. Applicant objects to the extent that any request calls for the production of duplicative or cumulative evidence.

5. Applicant objects to the extent any requested information is obtainable from some other source that is more convenient, less burdensome, or less expensive.

6. Applicant objects to the extent the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

7. Applicant objects to the extent any of the requested information constitutes confidential information or trade secrets. The parties have agreed on the form of a proposed protective order, but it has not yet been approved by or made effective by the Board. Provided that the requests are not otherwise objectionable, Applicant will produce such information once the parties' protective order is entered, indorsed, and/or otherwise approved of by the Board and becomes effective.

8. Applicant objects to the extent Opposer has exceeded or may exceed the permissible number of interrogatories.

**INTERROGATORY No. 1:** Identify all persons who provided information or documents for responses to these Interrogatories or Opposer's First Request for Production of Documents and Things, dated February 23, 2007.

**ANSWER TO INTERROGATORY No. 1:**

Kevin Blair

Tony Alamo

**INTERROGATORY No. 2:** Identify any complaints, petitions, oppositions, objections, cancellations, administrative proceedings, office actions, legal opinions, cease and desist letters or civil actions made by or against Applicant in which trademark, dilution, unfair competition and/or copyright claims were alleged.

**ANSWER TO INTERROGATORY No. 2:** Applicant objects to this request because it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The request seeks information that has nothing to do with the marks at issue in this case. Applicant further objects to this request on the grounds that it is overly broad and unduly burdensome in that it would require Applicant to search for information that has nothing to do with the marks at issue in this action and which spans more than ten years. Applicant further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the General Objections and the foregoing specific

objection, the answer to this interrogatory may be derived or ascertained from business records, and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce to Opposer.

**INTERROGATORY No. 3:** Identify by serial number, registration number or otherwise any state, federal or international application to register any trademark or copyright or any trademark or copyright registration actually obtained by or for Applicant for Applicant's Designations.

**ANSWER TO INTERROGATORY No. 3:**

A.  State of Nevada registration TM00290086 for MONTE CARLO for souvenir items in Class 50

B.  State of Nevada registration TM00290088 for MONTE CARLO for clothing in Class 39.

C.  State of Nevada registration TM00290087 for MONTE CARLO for drinking utensils in Class 33.

D.  State of Nevada registration SM00290089 for MONTE CARLO for hotel and casino development services in Class 100.

E.  U.S. trademark application Serial No. 76/284329 for MONTE CARLO for casino services in Class 41.

F.  U.S. Copyright Registration No. VAu-348-622.

**INTERROGATORY No. 4:** Identify any communications and/or agreements between Applicant and Opposer.

**ANSWER TO INTERROGATORY No. 4:** Other than communications between counsel: Opposer contacted Applicant in or around 1995 or 1996 and stated that Opposer wanted to make sure that Applicant was not going to use the MONTE CARLO mark for a project that was low quality. Applicant described the quality of the project and explained that the business is subject to regulation. Opposer may have sent a written communication to Applicant at some point, but, because of the passage of time and

changes in ownership, Applicant has not been able to locate any such communication. Based on information obtained to date, Applicant apparently did not hear from Opposer again regarding use of the MONTE CARLO mark. However, Applicant and Opposer have met at least one time to discuss matters unrelated to the MONTE CARLO mark.

**INTERROGATORY No. 5:** Identify any communications between Applicant, including communications made through an attorney, and the Patent and Trademark Office, the Trademark Trial and Appeal Board or the Copyright Office, concerning Applicant's Designations from January 1, 1984 to the present.

**ANSWER TO INTERROGATORY No. 5:** Applicant objects to this request on the grounds that it is cumulative and duplicative of Document Request No. 4.

Subject to and without waiving the General Objections and the foregoing specific objection, the answer to this interrogatory may be derived or ascertained from business records, and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce in response to Document Request No. 4.

**INTERROGATORY No. 6:** Identify all persons who assisted, were responsible for, participated in, or otherwise have information concerning any communications and/or agreements between Applicant and Opposer.

**ANSWER TO INTERROGATORY No. 6:** With respect to communications other than between counsel: Tony Alamo.

**INTERROGATORY No. 7:** Identify all persons who assisted, were responsible for, participated in, or otherwise have information concerning any domain name registrations owned by Applicant, or any attempt by Applicant to register any domain name containing the term "Monte Carlo."

**ANSWER TO INTERROGATORY No. 7:**

Other than outside legal counsel:

John Marz

April Chaparian

**INTERROGATORY No. 8:** Identify all persons who were responsible for, participated in, or have information concerning Applicant's creation, consideration, selection, adoption, acquisition and first use of Applicant's Designations, including any formal or informal trademark searches, investigations and/or opinions of counsel regarding Applicant's Marks from January 1, 1984 to the present.

**ANSWER TO INTERROGATORY No. 8:**

Tony Alamo

Glen Schaeffer

Mike Ensign

Bill Richardson

Yvette Landau

Edward Quirk

Whitney Thier

**INTERROGATORY No. 9:** Identify all use of or plans to use Applicant's Designations, both domestically and internationally, on services or goods.

**ANSWER TO INTERROGATORY No. 9:** Applicant objects to this request on the grounds that it is vague and ambiguous as to "use" in this context. Applicant further objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information regarding "all use" of Applicant's Designations on services and goods for a period spanning more than ten years. Applicant further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding, among other things, trademark use outside of the United States.

**INTERROGATORY No. 10:** Identify all persons who were responsible for, participated in, or have information concerning informal or formal market research conducted by Applicant or on Applicant's behalf concerning Applicant's Designations, including studies, search reports, surveys and market research tests.

**ANSWER TO INTERROGATORY No. 10:**

Edward Quirk

Yvette Landau

**INTERROGATORY No. 11:** Identify all persons who were responsible for, participated in, or have information concerning informal or formal market research conducted by Applicant or on Applicant's behalf concerning Opposer's marks, including studies, search reports, surveys and market research tests.

**ANSWER TO INTERROGATORY No. 11:**

Edward Quirk

Yvette Landau

Mike Catallano

**INTERROGATORY No. 12:** Identify any notice by Applicant of Opposer's Marks, including trademark search reports from January 1, 1984 to the present.

**ANSWER TO INTERROGATORY No. 12:** Applicant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "notice by Applicant."

Subject to and without waiving the General Objections and the foregoing specific objection, Opposer contacted Applicant in or around 1995 or 1996 as set forth in the response to Interrogatory No. 4 above.

**INTERROGATORY No. 13:** Identify all things Applicant, or any third party, has or will distribute, sell or use bearing Applicant's Designations.

**ANSWER TO INTERROGATORY No. 13:** Applicant objects to this request on the grounds that it is vague and ambiguous as to "use" in this context. Applicant further objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information regarding "all things" that Applicant has distributed, sold or used bearing Applicant's Designations for a period spanning more than ten years. Applicant further objects to this interrogatory on the grounds that it is cumulative and duplicative. To the extent that the request asks for information as to third

parties, see Applicant's response to Interrogatory No. 25.

Subject to and without waiving the General Objections and the foregoing specific objections, the answer to this interrogatory may be derived or ascertained from business records and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce in response to Opposer's requests.

**INTERROGATORY No. 14**: Identify Applicant's yearly expenditures to date and planned future expenditures for the advertising or promotion of services or goods bearing Applicant's Designations.

**ANSWER TO INTERROGATORY No. 14**: Applicant objects to this request on the grounds that it is cumulate and duplicative.

Subject to and without waiving the General Objections and the foregoing specific objection, the answer to this interrogatory may be derived or ascertained from business records and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce in response to Document Request No. 13.

**INTERROGATORY No. 15**: Identify any business plans or projections, revenue projections, cost projections and product plans or proposals of Applicant concerning Applicant's Designations.

**ANSWER TO INTERROGATORY No. 15**: Applicant objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Applicant's revenue projections, cost projections, and future plans are not relevant to the registrability of the mark at issue in this administrative proceeding.

**INTERROGATORY No. 16**: Identify the media in which Applicant has or will advertise or promote services or goods bearing Applicant's Designations, including, but not limited to, television, magazines, newspapers, Internet sites, trade publications, media schedules and brochures.

**ANSWER TO INTERROGATORY No. 16:**

Subject to and without waiving the General Objections, the answer to this interrogatory may be derived or ascertained from business records and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce in response to Opposer's requests.

**INTERROGATORY No. 17:** Identify all persons that assisted, or consulted with, Applicant in advertising, promoting and selling, or in planning to advertise, promote and sell, services or goods bearing Applicant's Designations.

**ANSWER TO INTERROGATORY No. 17:** Applicant objects to this request on the grounds that it is overly broad and unduly burdensome and to the extent the burden or expense of the proposed discovery outweighs its likely benefit. The request would require identifying every person that assisted or consulted with Applicant in advertising, promoting and selling the referenced services or goods. Applicant further objects to this request on the grounds that it is overly broad and unduly burdensome to the extent that it would potentially require identification of all front desk personnel, store personnel, cage workers, etc., all of whom assist in the selling of Applicant's services.

Subject to and without waiving the General Objections and the foregoing specific objections, Applicant answers as follows:

Mike Catallano

Chris McGhey

**INTERROGATORY No. 18:** Identify any sales agent, retailer, wholesaler, distributor, re-seller, broker or sales organization to which Applicant has or will distribute or sell services or goods bearing Applicant's Designations.

**ANSWER TO INTERROGATORY No. 18:** Applicant objects to this request on the grounds that it is vague and ambiguous as to the meaning of sales agent and the other types of third parties mentioned in the context of Applicant's industry. Applicant further objects to this request on the grounds that it seeks information that is not relevant

or reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY No. 19:** Identify the target consumers to whom Applicant has or will market, advertise, promote or sell services or goods bearing Applicant's Designations.

**ANSWER TO INTERROGATORY No. 19:** Subject to and without waiving the General Objections and the foregoing specific objection, the answer to this interrogatory may be derived or ascertained from business records and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce in response to Document Request No. 23.

**INTERROGATORY No. 20:** Identify the individuals or organizations in the tourism, resort and casino industry to whom Applicant has or will market, advertise, promote or sell services or goods bearing Applicant's Designations.

**ANSWER TO INTERROGATORY No. 20:** Applicant object to this interrogatory because: (1) the phrase "tourism, resort and casino industry" is vague, ambiguous, and undefined; and (2) because it assumes that Applicant markets, advertises, and/or promotes goods and/or services in connection with Applicant's Designations to individuals and organizations within the tourism, resort, and casino industry when that fact has not been established.

Subject to and without waiving the General Objections and the foregoing specific objections, the answer to this interrogatory may be derived or ascertained from business records and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce in response to Opposer's requests.

**INTERROGATORY No. 21:** Identify all persons who assisted, were responsible for, participated in, or otherwise have information concerning the selection of the target consumers and/or individuals in the tourism, resort and casino industry to whom Applicant has or will market, advertise, promote or sell services or goods bearing

Applicant's Designations.

**ANSWER TO INTERROGATORY No. 21:**

Applicant objects to this interrogatory to the extent it is vague, ambiguous, contains undefined terms, and is otherwise overly broad and unduly burdensome. The request potentially requires Applicant to list hundreds, if not thousands, of individuals whose degree of assistance, responsibility, and/or participation may have been very small or otherwise insignificant. Thus, Applicant objects to this interrogatory to the extent it would be unduly burdensome for Applicant to determine the identities of *all* persons "who assisted, were responsible for, participated in, or otherwise have information concerning the selection of the target consumers and/or individuals in the tourism, resort and casino industry to whom Applicant has or will market, advertise, promote or sell services or goods bearing Applicant's Designations."

Subject to and without waiving the General Objections and the foregoing specific objections, Applicant answers as follows:

Mike Catallano

Chris McGhey

Michelle Knolls

**INTERROGATORY No. 22:** Identify any instances of actual or possible confusion, mistake, deception or association of any kind with Opposer or any third party caused by Applicant's use or plans to use Applicant's Designations by Applicant or any other person.

**ANSWER TO INTERROGATORY No. 22:** Applicant objects to this interrogatory: (1) because the phrase "caused by Applicant's use or plans to use Applicant's Designations by Applicant or any other person" is vague, ambiguous, and undefined; (2) because, by seeking information concerning "any" instances of "possible" confusion it is too broad and unduly burdensome; (3) because Applicant may not possess sufficient information to determine whether any instance of actual or possible confusion has been caused by Applicant's use or plans to use Applicant's Designations by



Applicant or any other person.

Subject to Applicant's General Objections, subject to the foregoing specific objections, and subject to the entry of an appropriate protective order, after reasonable inquiry, Applicant answers and states that it does not presently know of any instances of actual or possible confusion, mistake, deception, or association of any kind with Opposer or with any third party caused by Applicant's use of or plans to use Applicant's Designations.

**INTERROGATORY No. 23:** Identify the territories, both domestic and international, in which Applicant offers, has offered, or will offer for sale services or goods bearing Applicant's Designations.

**ANSWER TO INTERROGATORY No. 23:**

Las Vegas, Nevada.

**INTERROGATORY No. 24:** Identify any actual or planned assignment, license, or other transfer to or from Applicant of any right in Applicant's Designations.

**ANSWER TO INTERROGATORY No. 24:**

None.

**INTERROGATORY No. 25:** Identify all third parties that have or will use, manufacture, sell and/or distribute services or goods bearing Applicant's Designations or otherwise make use of Applicant's Designations.

**ANSWER TO INTERROGATORY No. 25:** Applicant objects to this interrogatory because it is overly broad and, therefore, unduly burdensome, to the extent it requires Applicant to identify all third parties that have or will use, manufacture, sell and/or distribute services or goods bearing Applicant's Designations or otherwise make use of Applicant's Designations. Applicant further objects to this interrogatory to the extent it requires Applicant to speculate about the possible future actions of third parties who are not Applicant's licensees and who are not otherwise under Applicant's control. Applicant further objects to this interrogatory to the extent it is cumulative of Interrogatory No. 13.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

74895.2

**INTERROGATORY No. 26:** Identify any third-party agreement into which Applicant has or plans to enter for the manufacture, sale and/or distribution of services or goods bearing Applicant's Designations or otherwise make use of Applicant's Designations.

**ANSWER TO INTERROGATORY No. 26:** Applicant objects to this interrogatory because it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory is overly broad and unduly burdensome to the extent is seeks production of "any third party agreement.

**INTERROGATORY No. 27:** Identify any third-party use, or plans to use, Applicant's Designations or any variation thereof of which Applicant is aware, including documents concerning whether any action was taken against that third party and how such disputes were resolved, and any specimens of such third-party uses of such marks.

**ANSWER TO INTERROGATORY No. 27:** Applicant objects to this interrogatory on the grounds that it is vague and ambiguous as to whether Opposer is seeking information regarding licensed or unlicensed third-party use.

Subject to and without waiving the foregoing General Objections and specific objection, the answer to this interrogatory may be derived or ascertained from business records and the burden of ascertaining the answer is substantially the same for the Applicant and the Opposer. The answer to this interrogatory can be ascertained from the documents that Applicant will produce in response to Opposer's requests.

**INTERROGATORY No. 28:** Identify any communications between Applicant and any other person in which a person inquired about, commented upon or referred to Opposer or Opposer's services or goods in any way, from January 1, 1984 to the present.

**ANSWER TO INTERROGATORY No. 28:** Applicant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks to require Applicant to interview thousands of current and former employees to determine whether any person mentioned the Opposer or the Opposer's services to them

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

74895.2

over a period of time of more than 20 years and including a period of time before Applicant existed. Opposer's request also seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks identification of communications in which Opposer or Opposer's services were merely inquired about, commented on or referred to.

**INTERROGATORY No. 29**: Identify all information concerning Applicant's allegation that Opposer will not be damaged by the registration of Applicant's Designations.

**ANSWER TO INTERROGATORY No. 29**: Applicant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it purports to require Applicant to identify "all information concerning" a particular allegation.

Subject to and without waiving the foregoing objection, Opposer does not provide casino services in the United States and Opposer and Applicant have peacefully coexisted for approximately eleven years.

**INTERROGATORY No. 30**: Identify all information concerning Applicant's allegation that Opposer's claims are barred by the doctrine of unclean hands.

**ANSWER TO INTERROGATORY No. 30**: Applicant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it purports to require Applicant to identify "all information concerning" a particular allegation.

Subject to and without waiving the General Objections and the foregoing specific objection, Opposer's claims are barred by the doctrine of unclean hands because the Opposer has engaged in inequitable conduct relating to the subject matter of this proceeding. Such inequitable conduct includes, but is not limited to, Opposer's misrepresentations to the USPTO of the scope of Opposer's alleged rights in the CASINO DE MONTE CARLO mark in the United States.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

74895.2

**INTERROGATORY No. 31:** Identify any of Applicant's former and current business partners, predecessors, or successors or assigns.

**ANSWER TO INTERROGATORY No. 31:** None.

**INTERROGATORY No. 32:** Identify Applicant's address and telephone number at each location at which Applicant has maintained or now maintains an office or place of business since its inception to the present.

**ANSWER TO INTERROGATORY No. 32:**

3770 Las Vegas Boulevard South, Las Vegas, Nevada, 89109

**INTERROGATORY No. 33:** Identify the nature of Applicant's business and the period in which it has conducted such business since its inception to the present.

**ANSWER TO INTERROGATORY No. 33:** Subject to Applicant's General Objections, and subject to the entry of an appropriate protective order, Applicant answers and states that, since 1996, Applicant has operated and continues to operate the Monte Carlo Resort & Casino Las Vegas located at 3770 Las Vegas Boulevard South, Las Vegas, Nevada, 89109.

**INTERROGATORY No. 34:** Identify each person whom Applicant plans to call as a witness during the testimony period in this opposition proceeding.

**ANSWER TO INTERROGATORY No. 34:** Applicant objects to this interrogatory because it seeks the disclosure of information protected by the attorney work-product doctrine. Applicant further objects to this interrogatory because, pursuant to TBMP § 414(7), "A party need not, in advance of trial . . . identify the witnesses it intends to call, except that the names of expert witnesses intended to be called are discoverable."

**INTERROGATORY No. 35:** Identify each person whom Applicant has interviewed, employed or asked to testify as an expert, or whom Applicant plans to call as an expert in this opposition proceeding, and for each such person state that person's qualifications, opinions expected to be offered and grounds for each said opinion.

**ANSWER TO INTERROGATORY No. 35:** As of the date of these responses, Applicant has not interviewed, employed or asked any expert to testify.

DATED: June 5, 2007

LEWIS AND ROCA LLP

By: _____
Michael J. McCue
Christopher M. Law
Jonathan W. Fountain
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Tel: 702-949-8200
Fax: 702-949-8363

Attorneys for Applicant

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| SOCIETE ANONYME DES BAINES DE MER ET DU CERCLE DES ETRANGERS A MONACO,<br><br>Opposer,<br><br>-against-<br><br>VICTORIA PARTNERS,<br><br>Applicant. | Opposition No. 91164390<br><br>Serial No.: 76/284329<br><br>Mark: MONTE CARLO<br><br>Publication Date: October 19, 2004 |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2007, I mailed documents entitled:

- Applicant's Answers to Opposer's First Requests for Admission;
- Applicant's Responses to Opposer's First Set Of Requests For Production of Documents and Things, and;
- Applicant's Answers to Opposer's First Set of Interrogatories,

to the following counsel for Opposer, Societe Anonyme Des Bains de Mer et du Cercle des Etrangers a Monaco,

Jonathan Scharf, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010

*Original certificate in file separately*

I hereby further certify that on June 5, 2007, I also sent the foregoing documents via electronic mail to jonathanscharf@quinnemanuel.com.

_____
Jonathan W. Fountain
Attorney for Applicant, Victoria Partners

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

75729.1